**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| BRIAN J. LYNGAAS D.D.S., P.L.L.C., individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>PARNELL PHARMACEUTICALS, INC. and JOHN DOES 1-5,<br><br>Defendants. | ) | No.<br><br>**CLASS ACTION** |

## CLASS ACTION COMPLAINT

Plaintiff, Brian J. Lyngaas, D.D.S., P.L.L.C. ("Plaintiff"), through counsel, brings this action on behalf of itself and all other persons and entities that were sent unsolicited advertisements by facsimile transmission from defendant, Parnell Pharmaceuticals, Inc. ("Parnell" or "Defendant"). Plaintiff makes the allegations herein based on personal knowledge with respect to facts known to Plaintiff and otherwise on information and belief after a reasonable investigation by counsel.

## PRELIMINARY STATEMENT

1. On behalf of itself and a class of all others similarly situated, Plaintiff alleges claims and seeks statutory damages and other relief

arising from Parnell's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

2. The Telephone Consumer Protection Act prohibits sending an "unsolicited advertisement" by fax. 47 U.S.C. § 227 (b)(1)(C).

3. An "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

4. Attached as Exhibit A is a true and correct copy of an unsolicited advertisement Plaintiff received on its fax machine on September 14, 2021.

5. Exhibit A advertises the commercial availability or quality of Parnell's property, goods, or services; specifically, "Mouth Kote," a dry mouth spray.

6. Parnell did not have Plaintiff's express invitation or permission to send any advertising material to Plaintiff's fax machine.

7. Plaintiff had no "established business relationship" ("EBR") with Parnell, but Exhibit A does not contain any opt-out notice, so Parnell cannot rely on the TCPA's EBR exception as a defense for its unsolicited

facsimile advertisements. 47 U.S.C. § 227(b)(1)(C)(i) and (iii).

8. The TCPA provides a private right of action with a minimum statutory recovery of $500 per violation. 47 U.S.C. § 227(b)(3). If the advertiser knowingly or willfully violated the Act, the Court may increase the award to $1,500 per violation. The Court may also grant injunctive relief.

9. On behalf of itself and all others similarly situated, Plaintiff brings this action seeking statutory damages and other relief for each of Parnell's violations of the TCPA occurring within the four years before this action was commenced and continuing until the Court directs notice to the class.

## PARTIES, JURISDICTION, AND VENUE

10. Plaintiff, Brian J. Lyngaas, D.D.S., P.L.L.C., is a dental practice located at 18518 Farmington Rd, Livonia, MI 48152.

11. Defendant, Parnell Pharmaceuticals, Inc., is a California corporation with its principal place of business located at 3070 Kerner Blvd, Ste A, San Rafael, CA 94901. It is not registered to do business in Michigan. Its registered agent in California is Francis W. Parnell (registered agent), 38 Sir Francis Drake Blvd, Ross, CA 94957.

12. Defendants John Does 1-5 are unknown persons who directly participated in sending, and are liable as "senders" of, the facsimile transmissions at issue.

13. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

14. Personal jurisdiction exists over Parnell in Michigan because it has committed tortious acts in the State by sending unlawful fax advertisements to Michigan residents.

15. Venue is proper in the Eastern District of Michigan, because Parnell committed statutory torts within this District and a significant portion of the events took place here.

**FACTS**

16. Parnell sells products containing the Yerba Santa plant, including Mouth Kote.

17. Parnell has sent unsolicited advertisements to fax machine. A true and correct copy of one of Parnell's unsolicited advertisements received on Plaintiff's fax machine is attached as Exhibit A.

18. Exhibit A contains material advertising the commercial availability or quality of Parnell's property, goods, or services, specifically, Mouth Kote, a dry mouth spray.

19. Exhibit A advertises the commercial availability of Mouth Kote by offering samples and directing recipients to "Come see us at… upcoming meetings."

20. Exhibit A advertises the commercial quality of Mouth Kote. For example, "Clinically proven to relieve dry mouth 4 times longer than traditional saliva substitutes."

21. Plaintiff has no business relationship with Parnell.

22. Parnell did not have Plaintiff's prior express invitation or permission to send advertising material to Plaintiff's facsimile number.

23. Exhibit A does not contain an opt-out notice providing the cost-free means Congress required senders to make available to fax recipients, so any EBR between Parnell and a class member provides no defense to this action.

24. Plaintiff uses its fax machine to send and receive urgent, important, and confidential information.

25. Upon information and belief formed after reasonable investigation, Plaintiff alleges that Parnell sent faxes like Exhibit A to more than 40 persons or entities.

26. Exhibit A is a form or template, it is not specifically addressed to any recipient, and it has no information about the intended recipient other than the fax number appearing in the header.

27. Upon information and belief formed after reasonable investigation, Parnell's faxes were sent to target lists in bulk. Broadcast fax is a low-cost way to reach a large audience—far cheaper than direct mail, television, radio, telephone calls, and in-person visits (not accounting for the statutory damages available under the TCPA)—but illegal when the sender lacks prior express invitation or permission to fax advertising material.

28. Unsolicited fax advertisements cause concrete harm to their recipients.

29. Fax advertisers use the recipient's fax machine to receive and deliver the sender's advertising message. Fax machine users are a captive audience. Fax machines are left on and ready to receive authorized messages.

30. A fax can be received only with special equipment connected to a 10-digit telephone number. Maintaining a working fax number and fax machine costs money. Every fax transmission traverses the regulated, public telephone lines. An unsolicited fax causes undue wear and tear on the receiving fax machine. During its transmission, an unsolicited fax might prevent the receiving machine from sending or receiving an authorized fax.

31. Every unsolicited fax imposes incremental, per-page costs on its recipients. If automatically printed upon receipt, as in the case of Plaintiff, an unsolicited fax transmission automatically uses and wastes the recipient's paper and ink toner. Printed or not, every unsolicited fax interrupts the recipient's privacy and seclusion, and wastes their valuable time, as somebody must view the sender's message to discern its source, purpose, or nature.

32. Plaintiff and the other class members have no obligation to take affirmative steps to try to avoid or prevent Parnell's unlawful facsimiles. Their fax machines are ready to send or receive their own urgent, business, confidential, or private communications, not to receive Parnell's advertising material.

## CLASS REPRESENTATION ALLEGATIONS

33. Plaintiff brings this action as a class action on behalf of itself and all others who were faxed one or more advertisements by or on behalf of Parnell on or after September 4, 2021.

34. The proposed class is initially defined as follows:

> All persons and entities sent one or more facsimiles regarding "Mouth Kote Dry Mouth Spray with Yerba Santa," on or after September 4, 2021.

Excluded from the class are Parnell, its employees, officers, and directors, its legal representatives, heirs, successors, and assigns, and any judge assigned to this action, and his or her family.

35. Plaintiff anticipates that it will modify the proposed class definition after conducting discovery.

36. Plaintiff intends to discover the full scope of Parnell's fax advertising. *See* Exhibit B, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

37. This action is brought, and may properly be maintained as, a class action under Fed. R. Civ. P. 23. This action satisfies Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements. Additionally, prosecution of Plaintiff's claims separately from the

putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23(b)(1)(A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23(b)(3).

**Numerosity/Impracticality of Joinder**

38. On information and belief, the class includes more than 40 persons and, thus, is so numerous that joinder of all members is impracticable.

39. **Exhibit A** is a standardized form advertisement.

40. The precise number of class members and their identities are unknown to Plaintiff but can be obtained from Parnell's records or the records of third parties.

**Commonality and Predominance**

41. There is a well-defined community of interest among the class members.

42. Common questions of law and fact predominate over any question affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to

another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

a. Whether Parnell sent facsimiles containing material advertising the commercial availability or quality of its property, goods, or services;

b. Whether Parnell sent advertising material by fax without the prior express invitation or permission of the targeted recipients;

c. Whether Parnell sent such faxes in broadcasts, and the manner and method used to obtain or compile the target list(s) for those broadcasts;

d. Whether Parnell's facsimiles contained an opt-out notice that complied with the TCPA's requirements;

e. Whether Parnell is directly or vicariously liable for violating the TCPA;

f. Whether Plaintiff and the other class members should be awarded statutory damages;

g. Whether Parnell sent the faxes knowingly or intentionally and, if so, whether the Court should treble the statutory damage awards; and

h. Whether the Court should enjoin Parnell from sending unsolicited advertisements by facsimile in the future.

**Typicality of Claims**

43. Plaintiff's claims are typical of the claims of the other class members because all were injured by the same wrongful practices. Plaintiff and the members of the class received Parnell's unsolicited advertisements by facsimile. If Plaintiff prevails on its claims, then the putative class members will prevail as well.

**Adequacy of Representation**

44. Plaintiff is an adequate representative of the class. Plaintiff's interests do not conflict with the interests of the class. Plaintiff has retained counsel competent and experienced in complex class action litigation, and TCPA litigation in particular, and Plaintiff intends to vigorously prosecute this action. Plaintiff and its counsel will fairly and adequately protect the interest of members of the class.

### A Class Action is an Appropriate Method to Adjudicate this Controversy Fairly and Efficiently

45. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The likelihood of individual class members prosecuting separate claims is remote. Individual litigation would be economically unfeasible and procedurally impracticable. Individual litigation also would burden the court system. Relief concerning the rights of the entire class, including Plaintiff, would be proper. There is no other litigation pending regarding fax advertisements sent by Parnell. Plaintiff envisions no difficulty in the management of this case as a class action.

## COUNT I

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

46. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

47. Plaintiff brings Count I on behalf of itself and a class of similarly-situated persons.

48. The TCPA provides in pertinent part as follows:

(b) Restrictions on use of automated telephone equipment

(1) Prohibitions

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

* * *

**(C)** to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless--

**(i)** the unsolicited advertisement is from a sender with an established business relationship with the recipient;

**(ii)** the sender obtained the number of the telephone facsimile machine through--

> **(I)** the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or
>
> **(II)** a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution, except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before July 9, 2005, if the sender possessed the facsimile machine number of the recipient before July 9, 2005; and

**(iii)** the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D),

except that the exception under clauses (i) and (ii) shall not apply with respect to an unsolicited advertisement sent to a telephone facsimile machine by a sender to whom a request has been made not to send future unsolicited advertisements to such telephone facsimile

> machine that complies with the requirements under paragraph (2)(E); ....

47 U.S.C. § 227 (b)(1)(C).

49. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

50. The TCPA provides a "private right of action" as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
>
> **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> **(C)** both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

51. In relevant part, the TCPA states that "[t]he [Federal Communications] Commission shall prescribe regulations to implement the requirements of this subsection ... in implementing the requirements of this subsection, the Commission shall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if ... (i) the notice is clear and conspicuous ..." 47 U.S.C. § 227(b)(2)(D)(i).

52. Additionally, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if ... (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful ..." 47 U.S.C. § 227(b)(2)(D)(ii). The shortest reasonable time has been determined to be thirty (30) days. 47 C.F.R. § 64.1200(a)(4)(iii)(B).

53. The opt-out notice must also include "a domestic contact telephone and facsimile number for the recipient to transmit such a

request to the sender" as well as a "cost-free mechanism for a recipient to transmit a request pursuant to such notice ..." 47 U.S.C. § 227(b)(2)(D)(iv).

54. "A notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if ... (v) the telephone and facsimile machine numbers and the cost-free mechanism ... permit an individual or business to make such a request at any time on any day of the week." 47 U.S.C. § 227(b)(2)(D)(v).

55. The FCC's regulations pertaining to opt-out notices on unsolicited advertisements are set forth at 47 C.F.R. § 64.1200(a)(4)(iii).

56. Exhibit A advertises the commercial availability or quality of Parnell's property, goods, or services.

57. Parnell sent Exhibit A to Plaintiff's fax machine without Plaintiff's prior express invitation or permission.

58. Exhibit A does not contain an opt-out notice.

59. Plaintiff intends to discover and include within this case all unsolicited advertisements Parnell sent by fax. *See* Exhibit B, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

60. Parnell violated the TCPA by sending fax advertisements to Plaintiff and others without their prior express invitation or permission and by failing to include opt-out notices on those fax advertisements (to the extent Parnell argues EBR legally justified the faxes).

61. Facsimile advertising imposes burdens on unwilling recipients that are distinct from those imposed by other types of advertising. The content of the required opt-out notice is designed to ensure that the recipients know how to prevent and avoid future fax transmissions of advertising material, and to provide the various cost-free means Congress required. If senders do not clearly and conspicuously provide recipients with an opportunity to opt out, then those recipients are unreasonably forced to bear the burdens associated with this form of advertising.

62. The TCPA is a strict liability statute, and Parnell is liable to Plaintiff and the other class members regardless of whether its actions were negligent or well-intentioned.

63. Parnell is liable because it either sent the faxes, caused the faxes to be sent, or participated in the sending process. Further, the faxes were sent on Parnell's behalf, and Plaintiff alleges on information and

belief formed after a reasonable investigation that Parnell gave actual authority or ratified the unlawful conduct.

64. Parnell knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Parnell or anybody else to send Mouth Kote advertisements by facsimile and that Parnell's faxes did not display an opt-out notice as required by the TCPA and did not make available the means Congress intended to make such an opt-out request.

65. Parnell's actions caused harm to Plaintiff and the other class members. Parnell's junk faxes invaded recipients' privacy and right to seclusion and caused Plaintiff and most recipients to lose paper and toner consumed in the printing of Parnell's faxes. Moreover, the subject faxes used Plaintiff's and the class's fax machines, blocked the sending and receiving capacity of the machines, increased costs associated with operating and maintaining a fax machine, and otherwise wasted valuable time.

66. Plaintiff does not seek to recover for actual monetary loss. Rather, for itself and every other member of the class, Plaintiff seeks an award of $500 in damages for each violation of the TCPA.

67. The Court, in its discretion, can treble the statutory damages if the violation was knowing or willful and Plaintiff requests trebling. 47 U.S.C. § 227.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, demands judgment in its favor and against Parnell, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500 in statutory damages for each of Parnell's violations of the TCPA;

C. That the Court treble the statutory damages to $1,500 per violation if it finds that Parnell knowingly or willfully violated the TCPA;

D. That the Court enter an injunction prohibiting Parnell from sending advertisements by fax without first demonstrating that it has obtained express invitation or permission to fax advertisements; and

E. That the Court award costs, expenses, and attorney fees, and such further relief as the Court may deem just and proper.

Respectfully submitted,

BRIAN J. LYNGAAS, D.D.S., P.L.L.C.,
individually and as the representative
of a class of similarly-situated persons,

By: /s/ Phillip A. Bock
One of their attorneys

Phillip A. Bock
BOCK HATCH & OPPENHEIM, LLC
203 N La Salle St #2100
Chicago, IL 60601
Telephone: 312-658-5501
Facsimile: 312-658-5555
Email: service@classlawyers.com

Richard E. Shenkan (MI Bar No. P74683)
SHENKAN INJURY LAWYERS, PLLC
6550 Lakeshore St
West Bloomfield, MI 48323
Telephone: 1-800-601-0808
Email: rshenkan@shenkanlaw.com